# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Chandra Mouli Ramani,

           Plaintiff,

    -against-

Nissan North America, Inc.,

           Defendant.

Civil Action No.: _____

**COMPLAINT**

For this Complaint, the Plaintiff Chandra Mouli Ramani, by undersigned counsel, states as follows:

## PRELIMINARY STATEMENT

1. This is an action by the purchaser of a vehicle (hereafter the "subject vehicle") manufactured and sold by the Defendant Nissan North America, Inc. Plaintiff seeks damages related to his vehicle's dangerous shaking and hesitation due to its faulty transmission and Defendant's failure to honor the terms of its warranty.

2. The Plaintiff would not have purchased the subject vehicle had he been made aware of the subject vehicle's defective transmission.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the Plaintiff's claims occurred within this District and Defendant is subject to personal jurisdiction in this District.

## PARTIES

5.     The Plaintiff, Chandra Mouli Ramani ("Mr. Ramani"), is an adult individual residing in Andover, Massachusetts.

6.     Defendant Nissan North America, Inc. (the "Manufacturer"), is a business entity with a principal place of business at 1 Nissan Way, Franklin, Tennessee 37067.  The Defendant is in the business of marketing, supplying, and selling motor vehicles accompanied by written warranties to the public at large through a system of authorized dealerships.

## STATEMENT OF FACTS

### A.  Vehicle Purchase & Complaints of Transmission Defect

7.     On or about October 14, 2013, Mr. Ramani purchased a new 2013 Infiniti QX60, Vehicle Identification Number 5N1AL0MM4EC509664 (hereafter the "Vehicle") from Infiniti of Nashua, an authorized dealership of the Defendant.

8.     The Vehicle sale was accompanied by the Manufacturer's new vehicle limited warranty.

9.     Since the time of purchase to the present, Mr. Ramani presented the Vehicle to the Manufacturer's authorized dealership(s) for repair and complained that the Vehicle exhibited lack of power, hesitated, shuddered, jerked and bucked when driven, especially when going slow and then attempting to accelerate, or when driving in a stop-and-go traffic.

10. The Manufacturer's authorized dealership(s) failed at times to attempt repairs, while at other times attempted repairs by reprogramming the transmission's computer and replacing the transmission.

11. Nevertheless, despite all the complaints and repair attempts, the Vehicle continues to suffer from the same nonconformity.

**B. Defendant's Knowledge of a Transmission Defect**

12. The Vehicle's JATCO CVT8HT type transmission contains a defect that causes the Vehicle to unexpectedly shake and hesitate when attempting to accelerate.

13. Such defect (referred to as "belt slip condition") is a result of the CVT8HT type transmission chain drive failure to transfer power properly through the transmission when accelerating and prevents the driver from accelerating as intended.

14. To remedy this defect, Defendant started reprogramming the CVT8HT type transmission's control module ("TCM") in affected vehicles with updated software. Yet, despite its knowledge of the defect, Defendant has not informed the Plaintiff, prior or post Vehicle sale, that a defect is present in the Vehicle.

15. About nine months prior to Plaintiff's purchase of the Vehicle, Defendant distributed to its authorized dealerships a Technical Service Bulletin ("TSB") No. NTB13-002 titled "VOLUNTARY SERVICE CAMPAIGN / 2013 PATHFINDER TCM REPROGRAM" wherein it provided instructions on reprogramming the TCM to remedy the shaking and hesitation problem.

16. However, this "fix" has not cured the defect as evidenced by release of a subsequent TSB on September 10, 2013, No. NTB13-086, titled "2013 - 2014 ALTIMA V6 SEDAN AND PATHFINDER; JUDDER DURING LIGHT ACCELERATION."

17. Despite Defendant's knowledge that the Vehicle contained a serious safety defect, it concealed it from the Plaintiff.

18. Defendant's September 10, 2013, TSB acknowledged that the Vehicle may suffer from shaking and hesitation upon acceleration and instructed its dealerships to replace the transmission if vehicle was built before December of 2012 and prior TCM reprogram has not been performed before the vehicle was driven 1,000 miles.

19. Defendant's September 10, 2013, further instructs the dealerships to perform yet another TCM reprogram in an attempt to resolve the shaking and hesitation problem.

20. Despite the release of multiple TSBs and subsequent TCM reprograms and transmission replacement, the Vehicle continues to suffer from the same dangerous shaking and hesitation problem.

## FRAUDULENT CONCEALMENT TOLLING

21. Plaintiff did not and could not have known that there was a defect with the Vehicle's transmission at the time that he purchased the Vehicle or any time thereafter.

22. The Magnusson-Moss Federal Act and Massachusetts Express Warranty's four-year statute of limitations, which might otherwise apply to bar some of the Plaintiff's claims, should be tolled because of Defendant's knowing and active concealment of the fact that the Vehicle's transmission contains a defect.

23. While Defendant issued TSB's making clear that they were aware that there was a defect with the Vehicle's transmission, Defendant failed to disclose the existence of the defect to Plaintiff.

24. Moreover, Defendant's authorized dealership informed Plaintiff that the Vehicle's transmission was performing as designed and no further repairs were warranted, rather than acknowledge it suffered from a known defect.

25. Defendant kept Plaintiff ignorant of vital information essential to the pursuit of his claims.

26. Defendant knowingly, affirmatively, and actively concealed the Vehicle's defect from the Plaintiff.

27. Defendant was aware of the defect with the Vehicle.

28. Based upon the foregoing, Defendant is estopped from relying on any statutes of limitations in defense of this action.

## FIRST COUNT
### (Breach of Warranty Pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. §2301, *et seq.*)

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

31. Defendant is a "supplier and warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

32. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6). 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

33. 15 U.S.C. § 2301(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

34. Despite repeated demands, Defendant has failed to remedy the subject vehicle's defects within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written and implied warranties applicable to the subject vehicle.

35. As a result of Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff has suffered damages.

## SECOND COUNT
### (Breach of Express Warranties - M.G.L §2-314)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. In connection with the sale of the subject vehicle, Defendant expressly warranted that, among other things:

   a. The subject vehicle was fit for the purposes of safe, reliable and attractive transportation;
   b. The subject vehicle was of good, sound and merchantable quality;
   c. The subject vehicle was free from defective parts and workmanship;
   d. The subject vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;
   e. In the event the subject vehicle was not free from defective parts or workmanship as set forth above, the Defendant would repair or replace same without cost to Plaintiff; and
   f. That any defects or non-conformities would be cured within a reasonable time.

38. Defendant breached these express warranties in that the subject vehicle is plagued by problems that substantially impair the subject vehicle's use, safety and value to the Plaintiff.

39. Plaintiff has given Defendant reasonable opportunities to cure said defects, but Defendant has been unable and/or refused to do so within a reasonable time.

40. As a result of said nonconformities, Plaintiff cannot reasonably rely on the subject vehicle for the ordinary purpose of safe, comfortable and efficient transportation.

41. As a result of Defendant's breach of express warranties, Plaintiff has been damaged.

### THIRD COUNT
**(Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq.*, and M.G.L §2-314 and §2-318)**

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendant is a merchant with respect to motor vehicles.

44. The subject vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and M.G.L. § 2-314 and § 2-318, running from the Defendant to the Plaintiff.

45. An implied warranty that the subject vehicle was merchantable arose by operation of law as part of the purchase of the subject vehicle.

46. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purpose for which such vehicles are used.

47. Plaintiff notified Defendant of the defect in the subject vehicle within a reasonable time after Plaintiff discovered them.

48. As a result of Defendant's breaches of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages.

## FOURTH COUNT
### (Unfair and Deceptive Practice Pursuant to M.G.L. Chapter 93A §2)

49. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The sale of the subject vehicle to the Plaintiff under the guise that is was free from defects that would substantially impair the use, safety, or value of the subject vehicle represents an unlawful or deceptive trade practice under M.G.L. Chapter 93A § 2.

51. Defendant violated M.G.L. Chapter 93A § 2 in one or more of the following ways:

   a. Representing that the repairs could be performed properly, within a reasonable time, when Defendant knew, or in the exercise of reasonable care, should have known that this was not the case;

   b. Representing the subject vehicle to be of good, merchantable quality, free of defects, when in fact it was not;

   c. Failing to reveal material facts including, but not limited to, the nature of the nonconformities and defects complained of herein; and

   d. Failing to make an offer to settle the dispute within 30 days of receiving the Plaintiff's respective notice.

52. The Defendant is in the business of selling private automobiles and therefore the violations are likely to affect the general public, now and in the future.

53. Furthermore, the Defendant failed to tender a reasonable settlement within thirty days of receipt of a written demand for relief which identified its failure to fulfill its obligations under the warranty and stated the Plaintiff's injury.

54. The Defendant violated the law willfully and knowingly.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant as follows:

   a. An order approving revocation of acceptance of the subject vehicle;

b. Money damages, in the form of a refund of the full contract prices, including, trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contract;

c. Equitable relief including, but not limited to, replacement of the subject vehicle with new vehicle, or repair of the defective subject vehicle with an extension of the express warranties and service contracts which are or were applicable to the subject vehicle, in the event that Plaintiff is not found to be entitled to revocation;

d. Incidental and consequential damages;

e. Punitive damages;

f. Reasonable attorney's fees;

g. Such other and further relief as this Court deems just and proper.

Dated: March 12, 2018

Respectfully submitted,

By:     /s/ Sergei Lemberg
Sergei Lemberg, Esq. (BBO #650671)
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*